[Cite as *State v. Elston*, 2025-Ohio-4351.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                      Court of Appeals No.  WD-24-083

　　　　Appellee                              Trial Court No.  23 CR 214

v.

Darryl Elston, Jr.                              **DECISION AND JUDGMENT**

　　　　Appellant                            Decided: September 16, 2025

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, for appellee.

Lawrence A. Gold, for appellant.

* * * * *

**ZMUDA, J.**

{¶ 1} Appellant, Darryl Elston, Jr., appeals his conviction for attempted

aggravated possession of drugs, following his guilty plea to an amended charge. Finding

no error we affirm.

{¶ 2} On May 4, 2023, Elston was indicted in case No. 2023-CR-0214 on a single

count of aggravated possession in violation of R.C. 2925.11(A) and (C)(1)(b), a felony of

the third degree, alleging that on or about January 29, 2023, he knowingly obtained,

possessed, or used a controlled substance or controlled substance analog and the drug involved was Methamphetamine, a schedule II drug exceeding the bulk amount but less than five times the bulk amount.

{¶ 3} On October 3, 2023, Elston appeared for arraignment and entered a plea of not guilty. Between his arraignment and plea hearing, Elston had a pattern of failing to appear or violating his bond, resulting in bench warrants and modifications to the terms of pretrial release.

{¶ 4} On April 12, 2024, Elston's original appointed counsel was granted leave to withdraw, and the trial court appointed new counsel.

{¶ 5} On June 11, 2024, Elston appeared for a change of plea hearing with his second attorney. Pursuant to his plea agreement, Elston entered a plea of guilty to the amended count of attempt to commit aggravated possession of drugs in violation of R.C. 2923.02(A), 2925.11(A) and (C)(1)(b), a felony of the fourth degree. Elston was released on bond pending sentencing, scheduled for June 25, 2024. Elston did not appear for sentencing and a bench warrant was issued for his arrest.

{¶ 6} On July 30, 2024, Elston appeared for pretrial in 2023-CR-0214 with his second attorney, as well as arraignment on new charges in case No. 2024-CR-0277. Elston's trial counsel notified the trial court that Elston wished to withdraw his previous guilty plea in the first case. The trial court addressed the matter with Elston, indicating a hearing would be held on the oral motion to withdraw the guilty plea. In his discussion with the trial court, Elston's concerns appeared to center on whether the recommendation for probation would continue, considering his new charges. Elston had a different

2.

attorney appointed in case No. 2024-CR-277, and the trial court permitted the new attorney to substitute and be appointed as new counsel in case No. 2023-CR-0214. The trial court continued the arraignment in case No. 2024-CR-0277, and continued case No. 2023-CR-0214 for hearing, stressing Elston should discuss his motion to withdraw the guilty plea with his newly appointed, third attorney.

{¶ 7} On August 27, 2024, Elston appeared for arraignment in case No. 2024-CR-0277 and motion hearing in case No. 2023-CR-0214. Elston's third attorney was able to meet with Elston via video conferencing, and after that meeting he filed a motion to withdraw as counsel in both cases. The trial court granted the motion and appointed Elston's fourth attorney in the proceeding and second attorney in case No. 2024-CR-0277. The trial court proceeded with arraignment in case No. 2024-CR-277 and Elston entered not guilty pleas to the charges in that indictment. The trial court continued the matter again to give Elston's fourth attorney an opportunity to prepare for either a hearing on Elston's oral motion to withdraw the guilty plea or hearing for sentencing.

{¶ 8} On September 17, 2024, Elston appeared for pretrial and motion hearing in case No. 2023-CR-0214 with his fourth trial counsel, who indicated that Elston now had another criminal proceeding in Lucas County. Counsel referred to the Lucas County matter as a "companion case" and requested another continuance to facilitate a broad settlement of all of Elston's pending criminal matters. The trial court continued the matter.

{¶ 9} On October 29, 2024, the matter was called for pretrial and hearing on the motion to withdraw the guilty plea in case No. 2023-CR-0214. The trial court set

3.

additional pretrial dates and scheduled a two-day jury trial for February 2025, with the understanding that Elston might decide to withdraw his oral request to withdraw his guilty plea. Elston expressed his frustration with his fourth attorney, indicating a lack of communication, saying "it keeps happening with each attorney." Elston told the court, "It's like do I want to keep continuing to go through this or is it worth going through it or should I just go ahead and proceed with sentencing is what I'm saying." The trial court informed Elston that it would not hold a sentencing hearing that day, explained Elston's rights relative to withdrawing a plea before sentencing, and scheduled the matter for hearing on November 6, 2024, with an order to have Elston brought to court an hour earlier to ensure Elston could meet with his attorney for an hour before the hearing. The trial court indicated that the hearing could either address a motion to withdraw the guilty plea or sentencing, depending on what Elston decided after having time to discuss matters with his trial counsel.

{¶ 10} On November 6, 2024, Elston appeared with trial counsel for hearing in case No. 2023-CR-0214. The trial court began the hearing with a summary of the procedural history in the case, including Elston's four attorneys, his oral motion to withdraw his guilty plea, and numerous continuances to permit his current attorney to prepare for hearing on the motion to withdraw the guilty plea, if Elston wished to proceed on that motion. The trial court also noted that Elston had been transported to court early to permit Elston and his trial counsel ample time to meet and discuss Elston's options. The following was then placed on the record:

4.

[Trial counsel]: Judge, thank you. I've spoken extensively with my client. We are in a position to proceed simply with sentencing today. We are not withdrawing our previously tendered guilty plea on the case.

The Court: I'm going to proceed forward with you. Is that your desire to proceed forward with sentencing today?

[Elston]: Yes, sir.

The Court: You've had a full and complete discussion with [trial counsel]?

[Elston]: Yes. Thank you.

The Court: Based upon that discussion and his advice, you want to proceed forward with sentencing and not move forward with your request to withdraw your plea; is that correct?

[Elston]: Correct.

Pursuant to Elston's plea agreement, the state remained silent regarding a sentence recommendation. Elston's trial counsel argued in favor of community control and treatment for Elston's mental health and substance abuse issues. Elston also spoke on his own behalf, expressing a desire for a community control sentence and treatment.

{¶ 11} After considering the presentence investigation report, counsel's argument, and Elston's request for community control and treatment, the trial court outlined Elston's criminal history that included failures to appear for court and difficulty complying with conditions of bond and community control, as well as Elston's failure to report for his scheduled presentence investigation and his lack of remorse or understanding of the present offense. Significantly, the trial court noted Elston expressed a desire for treatment at his plea hearing, but following his plea, the trial court placed him on an electronic monitor and Elston cut the monitor off two days later and disappeared, remaining at large

5.

until he was arrested on new charges. The trial court determined that the circumstances in Elston's case overcame the presumption for a community control sanction, and the trial court imposed a prison sentence of 18 months.

{¶ 12} Elston filed a timely appeal from this sentence, asserting a single assignment of error, as follows:

> Appellant received ineffective assistance of counsel in violation of his rights under the Sixth and Fourteenth Amendments of the United States Constitution and Ar6ticle I, [Section] 10 of the Constitution of the State of Ohio.

{¶ 13} Elston challenges the performance of his trial counsel, arguing he wished to withdraw his guilty plea and his trial counsel did not file a written motion or pursue withdrawal of his plea. Elston's claim on appeal contradicts his representations to the trial court, in which he stated he had a full and complete discussion with his trial counsel, he wished to *not* pursue his request to withdraw his guilty plea, and he wished to proceed forward with sentencing based on his consultation with his attorney.

{¶ 14} On appeal, Elston argues his trial counsel was ineffective in not pursuing the motion to withdraw the guilty plea because, had the plea been withdrawn, his counsel could have filed a motion to suppress evidence obtained because of the traffic stop. This claim has little support in the record, with only Elston's assertions of innocence noted in his presentence investigation report and no indication the traffic stop was improper. Significantly, Elston does not challenge any aspect of his plea as error but merely argues that – but for his entry of a guilty plea to a reduced charge – the case would have been dismissed following a suppression hearing. Elston's argument, therefore, is that his trial

6.

counsel was deficient because he failed to act against Elston's express wishes to proceed to sentencing according to his plea.

{¶ 15} "The standard for addressing ineffective-assistance-of-counsel claims is twofold: first, the defendant must show that his counsel's performance was deficient, and second, he must show that his counsel's deficient performance prejudiced him." *State v. Obermiller,* 2016-Ohio-1594, ¶ 83, citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In considering the deficient-performance prong, an attorney's performance is measured against "prevailing professional norms" and based on reasonableness, considering the circumstances. *Id.* at ¶ 84, citing *Padilla v. Kentucky,* 559 U.S. 356, 366 (2010); *Strickland* at 688.

{¶ 16} In this case, the record demonstrates that Elston's fourth trial counsel acted according to Elston's express wish to abandon his oral motion to withdraw the guilty plea and proceed to sentencing. Because the "prevailing professional norms" include an attorney's ethical obligations, Elston's counsel was "bound by the requirements of the Ohio Rules of Professional Conduct" to "abide by a client's decisions concerning the objectives of representation." *Obermiller* at ¶ 86, quoting Prof.Cond.R. 1.2(a). Pursuant to this obligation, Elston's attorney was ethically bound to "abide by the client's decision as to a plea to be entered[.]" Prof.Cond.R. 1.2(a). "Thus, an attorney has a duty to consult with the client on important mattes that arise during the proceedings, and trial counsel does not perform deficiently when counsel heeds the client's wishes as to the objectives of litigation." (citations omitted) *Obermiller* at ¶ 86.

{¶ 17} Accordingly, we find Elston's sole assignment of error not well-taken.

7.

{¶ 18} We affirm the judgment of the Wood County Common Pleas Court. Elston is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Gene A. Zmuda, J.

JUDGE

Myron C. Duhart, J.

JUDGE

Charles E. Sulek, P.J.
CONCUR.

JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.